# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**TERRY DESJARLAIS, JR.,**

        **Plaintiff,**

**-vs-**          Case No. 6:10-cv-1120-Orl-31DAB

**STATE OF FLORIDA,**

        **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **MOTION TO PROCEED IN FORMA PAUPERIS (Doc. No. 2)**
>
> **FILED:** July 27, 2010
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED and the Complaint be dismissed**.

Upon a party's submission of an affidavit of indigency, any court of the United States may authorize the party to proceed *in forma pauperis*. 28 U.S.C. § 1915(a). However, the Court may dismiss the case or refuse to permit it to continue without payment of fees if the Court determines that the action is "frivolous or malicious." 28 U.S.C. § 1915(e)(2). A cause of action should not be considered frivolous unless it is "without arguable merit." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991), *cert. denied*, 503 U.S. 921 (1992) (*quoting Harris v. Menendez*, 817 F.2d 737, 739 (11th Cir. 1987)). To determine if a plaintiff should be permitted to proceed *in forma pauperis*, a district

court must determine "whether there is 'a factual and legal basis . . . for the asserted wrong, however inartfully pleaded.'" *Id.* (*quoting Watson v. Ault*, 525 F.2d 886, 892 (5th Cir. 1976)).

A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007). Certain standards, however, must be met. As the Supreme Court has noted:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic Corp. v. Twombly,* 550 U.S. 544] at 570, 127 S.Ct. 1955, [167 L.Ed. 2d 929, 2007]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*., at 556, 127 S.Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.*

*Ashcroft v. Iqbal* , __ U.S. __, 129 S.Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). Upon review, the instant complaint fails to properly state a cognizable cause of action that meets the plausibility pleading standard.

In his Complaint, Plaintiff demands damages and injunctive relief against the State, alleging "energy, radio, phone line disorder for use of malpractice for psychosis and schizophrenia." Plaintiff asserts that he has never been married, has never fathered children, and has been "abused by communication disorder" and discriminated against "through tower signals." It appears to the Court that Plaintiff is attempting to allege that the State of Florida is somehow responsible for his illness, and is communicating to him via telecommunication signals.

The Court is sympathetic to Plaintiff's struggles with his acknowledged mental illness. Even if the Court were to credit this assertion as plausible, however, there is no showing that this claim is

within the Court's federal question jurisdiction.[1] As such, the Complaint fails to state a tenable action cognizable in this forum.[2]

As no cognizable claim within the limited jurisdiction of the Court has been stated, it is **respectfully recommended** that the motion to proceed as a pauper be **denied** and the Complaint be **dismissed.**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on July 29, 2010.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Unrepresented Party
Courtroom Deputy

---

[1] To the extent the claim is too vague to evaluate and purports to be against the State as a whole, the Court notes the likely applicability of the sovereign immunity doctrine. Even if these facts may be charitably construed as a potential medical malpractice claim against state employed physicians, or otherwise not within the immunity bar, state law tort claims against non-diverse defendants are not actionable in federal court.

[2] Although not dispositive in view of the foregoing, the Court notes that the application is also incomplete in that it fails to list the acknowledged income from employment, gifts and other sources.